# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHEICKNE TRAORE,

    Petitioner,

    v.

U.S. ATTORNEY GENERAL, et al.,

    Respondents.

Case No. 2:17-cv-874
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This case is before the Court to consider Respondent's Motion to Dismiss for Lack of Jurisdiction. (Doc. 8). For the reasons that follow, the Court **RECOMMENDS** that the Motion be **GRANTED**, and that this action be **DISMISSED**.

### I. BACKGROUND

On October 2, 2017, Petitioner, a native and citizen of Mali, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, explaining that he had been in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Morrow County Jail since March 23, 2017, when he was released from prison after serving two years. (Doc. 1 at 1–2, 5). Petitioner indicated that he was willing to return to Mali, but objected to his deportation to any other country. (*Id.* at 8). Petitioner argued that the length of his detention pending removal contravened 8 U.S.C. § 1231(a)(6) (Count I), and was in violation of his substantive and procedural due process rights (Counts II and III). (*Id.* at 9–10 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Thus, Petitioner requested that this Court grant him a writ of habeas corpus directing Respondents to immediately release him from custody. (*Id.* at 11).

This Court ordered Respondents to show cause why the writ should not be granted (Doc.

5). The Clerk sent a copy of this Court's Order to Petitioner at the Morrow County Jail, but it was returned as undeliverable on October 23, 2017. (*See* Docs. 6, 7).

On October 26, 2017, Respondents filed a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 8). Attached to Respondents' Motion is a declaration from ICE Deportation Officer Amanda Glassburn, indicating that Petitioner was removed from United States to Mali on October 3, 2017. (Doc. 8-1 at ¶ 5).

## II. DISCUSSION

It is well established that federal courts may adjudicate only live cases or controversies. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Consequently, federal courts lack jurisdiction to consider a case when it has "lost its character as a present, live controversy and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation and citation omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir. 1983)).

"Several courts have determined that where an alien is released from ICE custody pending removal from the United States, his petition for relief under *Zavydas* is moot." *Patel v. Streiff*, No. 06-00584, 2008 WL 748396, *2 (S.D. Ala. Mar. 18, 2008) (internal quotations and citation omitted); *see also Dubois v. Hendricks*, No. 14-3861, 2014 WL 4105482, at *2 (D.N.J. Aug. 18, 2014) (finding petition moot because there was no longer a live case or controversy); *Emeni v. Holder*, No. 6:13-cv-6404, 2014 WL 347799, at *3 (W.D.N.Y. Jan. 31, 2014) (same); *Rojas v. Lowe*, No. 1:cv-13-871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013) (same).

Based on the foregoing, the Court finds that the petition no longer reflects a present, live controversy, and it is, therefore, **MOOT**. Consequently, the Court **RECOMMENDS** that Respondents' Motion to Dismiss (Doc. 8) be **GRANTED**, and that this case be **DISMISSED**.

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** (Doc. 8)**,** and that this action be **DISMISSED** as **MOOT.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 27, 2017         /s/ Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE